UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------- X
ANGEL PADILLA,                          :
                                        :
                Petitioner,             :
                                        :            94 Cr. 313 (CSH)
        -against-                       :
                                        :    MEMORANDUM OPINION AND ORDER
UNITED STATES OF AMERICA,               :
                                        :
                Respondent              :
------------------------------------------------- X

Haight, Senior United States District Judge:

Defendant Angel Padilla, currently incarcerated as the result of his conviction of numerous crimes in the captioned case, has filed a *pro se* motion pursuant to Rule 33, Fed. R. Crim. P., to vacate the judgment of conviction and for a new trial.

Padilla asserts newly discovered evidence and prosecutorial misconduct as the grounds for this relief. Specifically, Padilla asserts that during the trial in which he was convicted, the government offered evidence that while Padilla, the co-head of the C&C crime organization, was incarcerated awaiting trial, he gave orders through one Rafael Torres, an organization member, for the murder of Hector Ocasio, Gilberto Garcia, and Luis Garcia. Subsequently Ocasio and Gilberto Ocasio were shot to death and Luis Garcia was wounded. Padilla was convicted of complicity in these crimes. However, Padilla's argument continues, at a separate and subsequent trial of C&C co-conspirators Jaime Rodriguez and Stephen Camacho involving *inter alia* the same crimes "there was no evidence of the direct involvement of Padilla or of Torres' conveyance of his instructions. The government contended that James Albizu, a member of Padilla's security force, was also angry at Ocasio for cutting down on his weekly [C&C] payments, and, together with the other old security

force members, served as the motivating factor behind the murders."[1]  A more detailed summary of

the government's theory of the case with respect to these crimes as presented to the jury in the trial

of Camacho and Rodriguez may be found in *United States v. Camacho*, 163 F. Supp. 2d 287, 289-90

(S.D.N.Y. 2001).   Padilla regards the accounts of these particular crimes advanced by the

government at the two trials as irreconcilably inconsistent; and, since the prosecutor was the same

individual in both trials, Padilla contends that the government committed prosecutorial misconduct

by knowingly introducing perjured testimony on these crimes during his trial.

As footnote 1 indicates, this case has a procedural history which it is now necessary to

recount.  Padilla's direct appeal was rejected by the Second Circuit.  *See United States v. Padilla*,

203 F.3d 156 (2d Cir. 2000).  The Supreme Court denied Padilla's petition for certiorari on October

2, 2000, the date when Padilla's conviction became final.

On February 11, 2002, more than a year later, Padilla filed a motion for a writ of *habeas

corpus* pursuant to 28 U.S.C. § 2255.  This Court denied the motion as untimely under the one-year

limitation period on the filing of § 2255 petitions contained in the Antiterrorism and Effective Death

Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2255(1), and further concluded that in the

circumstances of the case, principles of equitable tolling did not apply.  *Padilla v. United States*,

2002 WL 31571733 (S.D.N.Y. Nov. 19, 2002).  Padilla based that § 2255 petition on precisely the

same perceived inconsistency in the government's theories and proof that he advances in the present

motion.   *See* 2002 WL 31571733, at *2 ("Padilla argues that the government committed

prosecutorial misconduct in presenting two different theories of one of the murders of which Padilla

was convicted – one theory offered through the testimony of Darrell Gray at Padilla's trial and one

---

[1]  The quotation is from Padilla's July 2003 petition for *habeas* relief under 28 U.S.C. §
2255, discussed more fully in text *infra*.

offered through the testimony of James Albizu at the separate trial of two of his co-defendants [Camacho and Rodriguez]."

In July 2003, Padilla filed a second motion in this Court to vacate the judgment under 28 U.S.C. § 2255. Padilla relied upon the same perceived inconsistency between the government's theories and proof at the two trials. This motion came before then-Chief Judge Mukasey, who in an order dated October 16, 2003 concluded that the motion was a "second or successive motion" as that phrase is used in 28 U.S.C. § 2255 ¶ 8 and consequently transferred the motion to the Second Circuit for that court's consideration of whether to permit it to be filed. *See generally Liriano v. United States*, 95 F.3d 119, 123 (2d Cir. 1996).

In an order dated August 23, 2004, the Second Circuit denied Padilla permission to file that motion because Padilla "has not demonstrated that the new evidence on which his claims rely would establish, through clear and convincing evidence, that no reasonable fact-finder would have found the petitioner guilty of the crimes for which he was convicted." The Court of Appeals' language tracks that of the statute, 28 U.S.C. § 2255 ¶ 8, and also reflects Padilla's consistent characterization of his inconsistent prosecutorial theory contention as based upon newly discovered evidence. The Second Circuit also denied Padilla's motion for a rehearing *en banc*.

This procedural history brings us to Padilla's present motion, which for the first time explicitly relies upon Rule 33, which contemplates (subject to the time to file limitation in Rule 33(b)(1)) a new trial based upon newly discovered evidence. The "newly discovered evidence" is the same that Padilla has relied upon throughout: the government's theory and proof with respect to the Ocasio and Garcia shootings put forward in the trial of Camacho and Rodriguez, assertedly inconsistent with the government's prior theory and proof of those crimes at Padilla's trial.

The government, directed by the Court to respond to Padilla's present motion, opposes it on

three grounds.  First, the government says that Padilla's Rule 33 motion is untimely.  Second, the government says that Padilla's Rule 33 motion fails because the "evidence" he relies upon is not "newly discovered."  Third, the government says that "regardless of the fact that Padilla has styled his motion as a Rule 33 motion, it is unquestionably a successive habeas petition within the meaning of § 2255 in that it raises claims to which his prior § 2255 petitions were addressed and decided on the merits."  Letter Brief at 3.  Since that is so, the government concludes, "whether the motion should be allowed to proceed despite being successive is a determination which can only be made by the Court of Appeals."  *Id*.  If the government's third point is well taken, the first two points do not arise, at least not in this Court, and so I will deal with the government's last argument first.

In his reply papers, Padilla seeks to answer the government's third contention by arguing that this Court should regard his prior motions, although § 2255 motions in name, as Rule 33 motions in substance, so that § 2255's "second or successive motion" limitations do not apply.  For that proposition Padilla relies upon *Adams v. United States*, 155 F.3d 582 (2d Cir. 1998), in which the Second Circuit cautioned district courts in this AEDPA world to exercise caution in characterizing a *pro se* inmate's post-conviction motion as falling under § 2255, lest "a conversion, initially justified because it harmlessly assisted the prisoner-movant in dealing with legal technicalities, may result in a disastrous deprivation of a future opportunity to have a well-justified grievance adjudicated."  *Id*. at 583 (footnote omitted).

One can only admire the fairness and justice of this admonition, but I conclude that it has no application to the case at bar.  While this Court dismissed Padilla's first § 2255 motion as untimely, the Second Circuit's review of Padilla's second motion following its transfer from Chief Judge Mukasey considered the question of newly discovered evidence, as § 2255 ¶ 8 required that court

4

to do, and arrived at a conclusion adverse to Padilla.  In other words, both § 2255 ¶ 8 and Rule 33 contemplate newly discovered evidence as a potential ground for post-conviction relief; and Padilla's invocation of Rule 33 on his third motion does not alter the fact that it is a "successive" motion within the meaning of the statute.

Accordingly, and for the reasons stated *supra*, I will direct the Clerk of the Court to assign a new civil docket number to this matter, and then transfer the motion to the United States Court of Appeals for the Second Circuit.

Were I to reach the first two issues posed by the government's opposition to the present motion, Padilla would fare no better.  Assuming without deciding that Padilla's first February 2002 motion should be regarded as a Rule 33 motion, it would be timely, since it was filed within two years of the judgment against him becoming final in October 2000, when the Supreme Court denied certiorari.[2]  But I am able to discern no prospect of Padilla's success in obtaining a new trial on the basis of newly discovered evidence, even accepting the doubtful proposition that the "evidence" generated by the subsequent trial of Camacho and Rodriguez could be regarded as "new" for purposes of the Rule.  The fact remains that Padilla's inconsistent-theory argument implicates only three of the many violent crimes for which the jury convicted him: the murders of Ocasio and Gilberto Garcia and the attempted murder of Luis Garcia.  The dimensions of the government's case against Padilla and the breadth of the jury's verdict may be gleaned from this passage from the

---

[2]  At the time of Padilla's conviction and sentencing, Rule 33 required that a motion for a new trial based on newly discovered evidence be filed within two years of "final judgment." Effective December 1, 1998, an amendment to Rule 33 provides that a motion for a new trial based on newly discovered evidence must be filed "within 3 years after the verdict."  In *Camacho* I concluded that a defendant "should be able to rely on the rule that was in effect on the date they were convicted," 163 F. Supp. 2d 287 at 295, and reach the same conclusion on this motion.

Second Circuit's opinion affirming the convictions:

> Following a twelve-week jury trial, Padilla was convicted of numerous violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), including murder, kidnapping, and conspiracies to commit murder and kidnapping; he was also convicted of conspiracy to aid and abet the distribution of heroin, and of carrying a firearm during and in relation to crimes of violence and drug trafficking.

203 F.3d at 158 (citations to statutes omitted). The inconsistencies in governmental theories and proof upon which Padilla relies for a new trial are limited to three of the many crimes for which he was convicted, and would have no effect upon those other crimes of conviction. If it be said, in answer to that proposition, that the government's prosecutorial misconduct so tainted the proceedings that a new trial must be ordered on all counts, I cannot accept so extreme a contention, even assuming (again without deciding) that there was any prosecutorial misconduct at all.

The Clerk of the Court is directed to assign a civil docket number to this motion, and then transfer this motion to the Court of Appeals.

It is SO ORDERED.

Dated: New York, New York
July 13, 2007

CHARLES S. HAIGHT, JR.
SENIOR UNITED STATES DISTRICT JUDGE

6