**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ———————————————— ) | |
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | 94 Cr. 313-01 (CSH) |
| ) | |
| ANGEL PADILLA, ) | |
| ) | **JULY 15, 2020** |
| Defendant. ) | |
| ————————————————) | |

<u>**MEMORANDUM AND ORDER**</u>

**HAIGHT, Senior District Judge:**

Defendant Angel Padilla, currently serving the sentence imposed by this Court in the captioned case following his conviction in 1995 by jury trial, has filed a motion for habeas corpus relief under 28 U.S.C. § 2255.

In a Memorandum and Order filed on June 2, 2020 [Doc. 898], the Court set down a briefing schedule for Padilla's habeas motion. The briefing contemplated by that Order has now been completed, with the filing on July 10 of Padilla's Reply Brief [Doc. 905]. But I no longer regard Padilla's habeas motion as *fully briefed.* There will have to be additional submissions of counsel. That necessity arises from the following recent developments.

Padilla's habeas motion challenges the validity of his convictions and sentences under several counts in the indictment which charged him with violating the firearms statute, 18 U.S.C. § 924(c). Padilla relies principally upon the Supreme Court's retroactive decision in *Davis v. United States*, which held that certain provisions in § 924(c) were unconstitutional. Padilla proceeds from that proposition to argue in his Reply Brief at 1 that all of his " § 924(c) convictions at issue in this motion are premised on multiple predicates that do not qualify as

1

crimes of violence," a necessary element for valid application of the firearms statute in a particular case.

Padilla argues that "the RICO predicates of murder and attempted murder underlying Padilla's § 924(c) convictions are not crimes of violence."  Reply Brief at 2.  That contention turns upon New York law, which governs the case because the murders in question occurred in New York.  A core contention of Padilla's habeas motion is that under New York law, "murder and attempted murder are not crimes of violence."  *Id*. at 3.  For that proposition, Padilla's Reply Brief relies principally upon the Second Circuit's recent decision in *United States v. Scott*, 954 F.3d 74 (2d Cir. 2020), filed on March 31.   His Reply Brief states at 3:

> In arguing that murder and attempted murder are categorically crimes of violence, the government does not analyze the Second Circuit decision that is the most recent and relevant  – and the only one of precedential value  – on the status of New York homicide as a crime of violence.  In *United States v. Scott*, 954 F.3d 74, 78 (2d Cir. 2020), the Second Circuit recognized that because a homicide can be committed under New York law by means of a culpable omission, the New York first-degree manslaughter statute is not categorically a crime of violence.  The same reasoning supports that murder and attempted murder, which also can be committed by a culpable omission, likewise are not categorically crimes of violence.

That line of argument leads to this conclusion by Padilla:

> The relevant, thoroughly-reasoned, and precedential decision of *Scott* supports that neither New York murder or attempted murder is a crime of violence.

Reply Brief at 4.

*Scott* was decided by a divided Second Circuit panel, which produced three lengthy opinions.  Judge Pooler wrote the opinion for the court, which Judge Leval joined.  Judge Leval also wrote a concurring opinion, which Judge Pooler joined.  Judge Raggi wrote a dissent whose

text runs from 954 F.3d 95 to 110.  She concluded at 110: "Thus, New York first-degree manslaughter is a categorical crime of violence."

On June 29, 2020, the government petitioned for rehearing and rehearing *en banc*.  On July 10, the Second Circuit entered an order reciting that "A poll having been conducted and a majority of the active judges of the Court having voted in favor of rehearing this appeal *en banc*," the appeal will "be heard *en banc*," at a subsequent date to be scheduled.

Here at the district court level, it appears to me sensible to defer decision on Padilla's habeas motion until the Second Circuit decides the *en banc* appeal in *Scott*, a case on which Padilla places heavy reliance.  If I were to give Padilla judgment on the authority of the panel decision in *Scott*, as he asks me to do, before the court of appeals has decided *Scott en banc*, the government would surely appeal such a judgment in *Padilla*, and it is likely that the Second Circuit, confronted with appeals presenting the same question, would deliver its *en banc* decision in *Scott* before rendering a panel decision in *Padilla*.

If the Second Circuit *en banc* court reverses *Scott*, Padilla's habeas motion loses a significant source of support.

This Court will give Padilla's motion careful consideration in either event, but it is preferable to await the outcome of the *Scott* appeal before deciding *Padilla*.

In these circumstances, the better course for this Court is to defer deciding Padilla's habeas motion until the Second Circuit decides the *en banc* appeal in *Scott.*

When the Second Circuit's decision in *Scott* is at hand, counsel in this case will be directed to file a further round of briefs on the subject of its effect, if any, on Padilla's habeas motion.

The foregoing is SO ORDERED.

Dated:    New Haven, Connecticut
          July 15, 2020


                              s/ Charles S. Haight, Jr.
                                 Senior United States District Judge

4