**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

UNITED STATES OF AMERICA,

-against-

ANGEL PADILLA,

Defendant.

1:94-CR-0313 (CSH)

**OCTOBER 20, 2022**

**MEMORANDUM AND ORDER**

**HAIGHT, Senior District Judge:**

In this criminal case, the Defendant, Angel Padilla, is serving a lengthy sentence.  He has filed a motion for habeas corpus relief pursuant to 28 U.S.C. § 2255.  That motion [Doc. 897] is pending. The government resists it.

Padilla and the government are represented by counsel.  In a "Memorandum and Order" filed on July 20, 2021 [Doc. 917] ("the July 2021 Memorandum"), the Court gave instructions to counsel for the conduct of further proceedings in Padilla's habeas corpus motion. *See United States v. Padilla*, No. 1:94-CR-0313 (CSH), 2021 U.S. Dist. LEXIS 135032 (July 20, 2021).  The July 2021 Memorandum, familiarity with which is assumed, was occasioned by the Supreme Court's decision in *United States v. Davis*, 139 S.Ct. 2319 (2019), which held that part of the federal firearms statute, 18 U.S.C. § 924(c), was unconstitutional.  A violation of the condemned portion of § 924(c) was involved in this case as a crime of conviction, which prompted Padilla's habeas motion.  After the Supreme Court in *Davis* invalidated a part of § 924(c), numerous federal courts have received habeas motions, like the one at bar, from imprisoned defendants whose conviction and sentence under

1

§ 924(c) antedated *Davis*.

The Court's July 2021 Memorandum called the attention of counsel for the present parties to two *post-Davis* circuit court decisions cases which presented this § 924( c) issue.  In *United States v. Taylor*, 979 F.3d 203 (4h Cir. 2020), the Fourth Circuit granted habeas relief to the prisoner.  In *Unites States v. Scott*, 990 F.3d 94 (2d Cir. 2021), a divided *en banc* decision, the Second Circuit denied habeas relief.

The July 2021  Memorandum discussed those cases and others.  It also noted that, as of that time, the Supreme Court had granted the government's petition for certiorari in *Taylor*, and the disappointed prisoner had petitioned for certiorari in *Scott.*

The Court's July 2021 "Memorandum and Order" directed that its decision on Padilla's habeas motion "will be deferred until (1) the Supreme Court has decided the *Taylor* case, and (2) the Supreme Court has granted certiorari and decided the *Scott* case, or denied certiorari." 2021 U.S. Dist. LEXIS 135032, at *16.   I reasoned that "[t]he distinct possibility exists that the Supreme Court's rulings in *Taylor* and *Scott* may affect the disposition of the Padilla . . . case[ ]." *Id.*  The July 2021 Memorandum suggested that counsel "may prefer to defer further briefing until the Supreme Court's adjudications on the *Taylor* and *Scott* cases have been completed." *Id*. at *17.

This case has now been overtaken by events.  The Supreme Court denied certiorari in *Scott*, 142 S.Ct. 397 (October 18, 2021).  The Court affirmed the Fourth Circuit's decision in *Taylor*, 142 S.Ct. 2015 (June 21, 2022).

Unaccountably, counsel in this case did not advise this Court of these dispositions in the Supreme Court; nor have they submitted any further submissions with respect to the effect, if any, of the Supreme Court's rulings in *Taylor* and *Scott* upon the disposition this Court should make in

the pending habeas motion by Padilla.

I think that such submissions by able counsel will be useful.  Accordingly, the Court makes this Order:

1.  Counsel for the parties are directed to submit supplemental briefs which discuss the questions posed in this Memorandum.

2.  These supplemental briefs must be filed and exchanged simultaneously.  Counsel may agree among themselves on the timing for that exchange; provided, however, that it must take place not later than November 23, 2022.

3.  If thereafter the Court desires oral argument, counsel will be advised.

It is SO ORDERED.

Dated:   New Haven, Connecticut
         October 20, 2022

*/s/Charles S. Haight, Jr.*
CHARLES S. HAIGHT,  JR.
Senior United States District Judge