UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

-against-

ANGEL PADILLA,

Defendant.

No. 1:94-CR-0313 (CSH)

JUNE 6, 2024

---

### RULING ON DEFENDANT'S MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) [Doc. 947]

**HAIGHT, Senior District Judge:**

Defendant Angel Padilla, currently incarcerated in a federal prison following his conviction by a jury on criminal charges in this Court, now moves for a reduction of his sentence. Padilla bases his motion on 18 U.S.C. § 3582(c)(1)(A). The government opposes Padilla's motion. This Ruling resolves the motion.

### I. BACKGROUND

At the pertinent times, Angel Padilla was the leader of a criminal gang in the Bronx, New York City. The gang engaged in a series of violent crimes, including murder, against numerous individuals. Padilla was convicted by a jury on counts of racketeering and racketeering conspiracy; conspiracy to kidnap and kidnapping; conspiracy to commit murder; murder in aid of racketeering and attempted murder; conspiracy to distribute heroin; and extortion and conspiracy to commit extortion. Padilla's conduct violated the laws of the State of New York, where the acts in question

occurred.

In addition, Padilla was convicted on eleven counts of the use of a firearm in relation to a crime of violence, in violation of the federal firearms statute, 18 U.S.C. § 924(c). Each firearm count accompanied a particular substantive or conspiracy charge alleging use of a gun against a named victim.

Following an unsuccessful direct appeal, Padilla, now serving his sentence, moved for habeas corpus relief. His habeas petition challenged only the firearms convictions. Padilla sought to vacate those convictions on statutory and constitutional grounds, and also moved for a plenary resentencing on the remaining, non-firearms counts of conviction.

In an opinion reported at 2024 WL 1413979 (S.D.N.Y. April 2, 2024), familiarity with which is assumed, the Court granted Padilla's habeas motion in part and denied it in part. Specifically, the Court vacated two of his firearms convictions, on the authority of *United States v. Davis*, 588 U.S. 445, 139 S.Ct. 2319 (2019), and its progeny. The other counts of conviction were not disturbed. In those circumstances, the Court directed the filing of an amended judgment which eliminated the sentences imposed under the vacated firearms counts.

That habeas resolution does not satisfy Padilla, who remains subject to life terms of imprisonment imposed under ceratin substantive counts. Padilla now invokes the First Step Act of 2018, 18 U.S.C. § 3582(c)(1)(A), and moves to reduce his sentence. His main brief says that "Angel Padilla is now 77 years old and has spent over 31 years in prison. . . . He is now an elderly and aging man who no longer needs to be in prison. This Court should find that there are extraordinary and compelling reasons to reduce Mr. Padilla's sentence and, under 18 U.S.C. § 3582(c)(1)(A), should resentence him to time served." Doc. 947, at 2.

The government opposes any reduction in Padilla's sentence.

## II.   DISCUSSION

The First Step Act, 18 U.S.C. § 3582(c)(1)(A), upon which Padilla's present motion is based, is "commonly referred to as the *compassionate release* statute," *United States v. Keitt*, 21 F.4th 67, 69 (2d Cir. 2021) (emphasis added). The act itself does not contain that emphasized poetic phrase, which judges fashioned in their opinions to reflect the nature of the occasion. *Keitt* quotes the First Step Act: "Section 3582(c)(1)(A) authorizes a court to reduce a previously imposed term of imprisonment upon finding that 'extraordinary and compelling reasons warrant such a reduction.'" 21 F.4th at 71 (quoting 18 U.S.C. § 3582(c)(1)(A)(i)).

The First Step Act of 2018 extended to district courts the authority to reduce sentences which had previously been vested exclusively in the Bureau of Prisons. Not surprisingly, this statutory creation in the district courts of what we now call "compassionate release" has given rise to a tsunami of litigation. It is a rare inmate facing a lengthy term of imprisonment who does not perceive compassionate reasons for immediate release.

In *United States v. Keitt,* the Second Circuit undertook to instruct district courts on the manner in which motions for compassionate release should be decided. The Second Circuit stated generally that "there are three requirements that must be satisfied before a court can grant such relief," and went on to specify:

> First, absent waiver or forfeiture by the government, an inmate must exhaust administrative remedies by requesting such relief from prison authorities. . . . Second, a court must consider the factors set forth in 18 U.S.C. § 3553(a) to the extent that they are applicable. . . . Third, the inmate must demonstrate that his proffered circumstances are indeed "extraordinary and compelling" such that, in light of these § 3553(a) factors, a sentence reduction is justified under § 3582(c)(1)(A) and would not simply constitute second-guessing of

3

>the sentence previously imposed.

21 F.4h at 71 (citations, explanatory comments, and some internal quotation marks omitted).

The court of appeals in *Keitt* then turned to the particular circumstances of the case, and held further that:

> When a district court denies a defendant's motion under 18 U.S.C. § 3582(c)(1)(A) in sole reliance on the applicable § 3553(a) sentencing factors, it need not determine whether the defendant has shown extraordinary and compelling reasons that might (in other circumstances) justify a sentence reduction.

21 F.4th at 73. That is the course the district court had followed; and the Second Circuit, affirming the denial of relief, held further:

> The district court did not abuse its discretion in declining to reduce the defendant's sentence in light of the applicable § 3553(a) factors in the case.

*Id*.

That is now the established practice in the Second Circuit. For example, in *United States v. McLean,* No. 22-1176 (CON), 2023 WL 8253680 (2d Cir. Nov. 29, 2023),[1] the Second Circuit said by summary order:

> A motion under § 3582(c)(1)(A) must demonstrate both extraordinary and compelling reasons justifying release and that a sentence reduction is consistent with the sentencing factors set forth in § 3553(a), so a district court may deny a motion based solely on the latter without reaching the former.

2023 WL 8253680, at *1 (citing *Keitt*, 21 F.4th at 73).

In the case at bar, I have considered the § 3553(a) sentencing factors. That consideration,

---

[1] *Cert. denied*, No. 23-6989, 2024 WL 1607934 (U.S. Apr. 15, 2024).

following the practice summarized by the Second Circuit in *Keitt*, constitutes the second of the three levels of the Court's analysis of Padilla's motion for a reduction of his sentence.

The sentencing factors include "the nature and circumstances of the offense and the history and characteristics of the defendant;" "the need for the sentence imposed . . . to reflect the seriousness of the offense, to promote respect for the law, . . . to provide just punishment for the offense;" to deter criminal conduct; and "to protect the public from further crimes;" and the "need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(1), (2), (6).

There is force to the contentions by Padilla's counsel that during over 31 years in prison, Padilla has "demonstrated rehabilitation over the last several years" and given his present age of 77, "reducing his sentence would not endanger the community." Doc. 952 ("Reply Brief"), at 2. But I am constrained to conclude that the § 3553(a) factors argue more strongly for refusing to grant Padilla the relief he asks for: reducing his sentence to time served and releasing him.

The government's opposition letter brief accurately states that while Padilla was the leader of the C & C gang, he "ordered kidnapping and was involved in the torturing of others." Doc. 951, at 9. "Some of his orders led to murders where he provided the firearm for the murder or the garbage bags to transport victims. He also committed murder himself." *Id.* It is hard to imagine more serious offenses, and Padilla's characteristics at the relevant time were those of gang leader and instructor.

### III.   CONCLUSION

These sentencing factors operate to preclude the reduction of sentence which Padilla requests: a sentence of time served and present release. Moreover, the Court denied the motion of

Padilla's co-defendant, Ivan Rodriguez, for a reduction of his sentence, for the murder of George Calderon. Padilla's guilt for that murder was *a fortiori*, since Padilla (as gang leader) ordered Rodriguez to murder Calderon. Reducing Padilla's sentence, while denying that relief to Rodriguez, would bring about that sort of sentencing disparity that the sentencing factors condemn.

For these reasons, I conclude that defendant Angel Padilla's motion for a reduction of his sentence under 18 U.S.C. § 3582(c)(1)(A) must be DENIED on the basis of the sentencing factors contained in 18 U.S.C. § 3553(a). In that circumstance, I do not reach the question of whether extraordinary and compelling reasons for reduction would otherwise exist in the case.

Defendant's motion for reduction of sentence [Doc. 947] is DENIED.

It is SO ORDERED.

Dated:   New York, New York
         June 6, 2024

*/s/Charles S. Haight, Jr.*
CHARLES S. HAIGHT, JR.
Senior United States District Judge